### In re COAL–FIRED ELECTRIC UTILITIES CLEAN AIR ACT LITIGATION

**The United States of America v. Alabama Power Co., et al., N.D. Alabama, C.A. No. 2:01–152**

**The United States of America v. Alabama Power Co., et al., N.D. Georgia, C.A. No. 1:99–2859**

**No. 1416.**

Judicial Panel on Multidistrict Litigation.

Aug. 20, 2001.

Before Wm. Terrell HODGES, Chairman, John F. KEENAN, Morey L. SEAR,* Bruce M. SELYA,* Julia Smith GIBBONS, D. Lowell JENSEN and J. Frederick MOTZ, Judges of the Panel.

### *ORDER DENYING TRANSFER*

HODGES, Chairman.

This litigation consists of two actions pending, respectively, in the Northern District of Alabama and the Northern District of Georgia. Plaintiff the United States of America (United States) moves the Panel, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the two actions. Four consumer groups that have intervened as plaintiffs in both actions support the motion.[1] Defendants Alabama Power Company, Georgia Power

---

* Judges Sear and Selya took no part in the decision of this matter.

1. The intervenor-plaintiffs are Alabama Environmental Council, Inc.; Physicians for Social Responsibility; the Georgia Public Interest Group f/k/a the United States Public Interest Group; and Georgians for Clean Energy f/k/a Campaign for a Prosperous Georgia.

Company, and Savannah Electric & Power Company oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing just two actions in two districts, movant has failed to persuade us that any common questions of fact, as opposed to law, are sufficiently complex, or that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. *See In re Scotch Whiskey Antitrust Litigation,* 299 F.Supp. 543, 544 (Jud.Pan. Mult.Lit.1969). Also, we point out that the pendency of the two actions in the same circuit diminishes the likelihood of inconsistent, substantive pretrial rulings that could ultimately produce an inconsistent outcome on the merits. Furthermore, suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery, inconsistent pretrial rulings, or both, particularly since the United States is the plaintiff in both actions. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Third,* § 31.14 (1995).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the two actions is denied.